IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK WEYMAN MATTHEWS, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | NO. 5:13-CV-0327-CAR-MSH |
| Nurse Practitioner LISA BUSH, et. al. : | |
| : | |
| Defendants. : | |
| _____ | |

## ORDER & RECOMMENDATION

Plaintiff Mark Weyman Matthews, a state prisoner currently confined at Washington State Prison in Davisboro, Georgia, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and requests leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**, and the initial partial filing fee required by 28 U.S.C. §1915(b)(1) will be waived. The filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full filing fee, as is directed later in this Order. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

1

The undersigned has also now completed a preliminary review of Plaintiff's Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1915A(a), and will allow Plaintiff's claims against Defendant Michael Rogers, M.D., to proceed. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Bush, Chutkin, and Barrow - as well as any claims against Defendants in their "official capacity" - be **DISMISSED** for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable

2

right of action." *Id.* at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

The present action arises out of an alleged inadequate provision of medical care at Washington State Prison. In the Complaint, Plaintiff alleges that he was misdiagnosed and has not been provided adequate medical care for a chronic back condition. Plaintiff allegedly filed multiple medical requests because of the pain he was experiencing and informed each defendant that he was "in extreme pain and experiencing numbness" in his leg and back.

According to the Complaint, Defendant Bush was responsible for Plaintiff's initial misdiagnosis and inadequate treatment in 2010 and thereafter continued to deny Plaintiff prescribed medication and access to the prison's physician, Defendant Michael Rogers, until January 2011. Defendant Bush did, however, refer Plaintiff for treatment at the Augusta State Medical Prison in December of 2010, where Plaintiff was examined by a specialist, Defendant Dr. Chutkin. At that time, Chutkin diagnosed Plaintiff with "spondylolisthesis," a condition that Plaintiff describes as a "chronic back condition" which can only be corrected by surgery. Plaintiff alleges, however, that Dr. Chutkin

3

refused to provide Plaintiff with the surgery needed and instead prescribed new pain medication. This still did not provide Plaintiff with relief. When Plaintiff returned to Washington State Prison, Defendant Bush allegedly refused to provide him with the proscribed pain medication and gave him another medication in its place.

According to Plaintiff, Defendant Bush left her employment at Washington State Prison "on or about August through December 2011." Following Defendant Bush's departure, Plaintiff was finally permitted to see Defendant Dr. Michael Rogers. The Complaint alleges that Dr. Rogers was, by that time, aware of Plaintiff's diagnosis and severe, chronic pain. He nonetheless refused to provide Plaintiff with medical treatment, allegedly stating that he did "not physically examine inmates and . . . was not going to examine" Plaintiff's back. (*See* Compl. at p. 10). Dr. Rogers also allegedly refused to renew Plaintiff's bottom bunk profile after Plaintiff informed him that the pain and numbness sometimes caused him to fall off the top bunk. Plaintiff filed a grievance about this "inadequate medical treatment" in March of 2012, which was thereafter denied by Defendant Warden Donald Barrow on May 27, 2012.

When construed liberally and in his favor, Plaintiff's allegations are sufficient to allow his §1983 claims against Dr. Michael Rogers to go forward. It is thus **ORDERED** that service be made on this defendant and that he file an Answer, or such other response as may be appropriate. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

However, to the extent that Plaintiff has attempted to state claims for monetary damages against any individually named defendant in his "official capacity," it is **RECOMMENDED** that these claims be **DISMISSED**, under 28 U.S.C. § 1915A(b)(1). A lawsuit against state officials in their "official capacities" is no different from a suit against the government itself; such claims are barred by the Eleventh Amendment. *Smith v. Fla. Dep't of Corr.*, 318 F. App'x 726, 728 (11th Cir. 2008) (citing *Powell v. Barrett*, 496 F.3d 1288, 1308 & n. 27 (11th Cir. 2007)).

It is also **RECOMMENDED** that Plaintiff's claims against Defendants Bush and Chutkin be **DISMISSED** without prejudice. Plaintiff's claims against these defendants arise out of actions allegedly occurring between July 2010 and January 2011. The Complaint alleges that Plaintiff was misdiagnosed and refused treatment by Defendant Bush during 2010, that Chutkin refused to provide the needed surgery in December of 2010, and that Bush last denied him proscribed medication and refused his referral requests in January of 2011. Section 1983 claims have a two year statute of limitations in Georgia. *See Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, (1985)); O.C.G.A. § 9-3-33 (1982). The statute of limitations for Plaintiff's claims against Defendants Bush and Chutkin thus expired no later than January of 2013.

District courts generally deem a prisoner complaint filed on the date the plaintiff signs the document and delivers it to prison officials for mailing. See Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). In this case, Plaintiff signed but did not date the Complaint. However, Plaintiff's inmate account certification (ECF No. 2) shows that it

was issued on September 4, 2013. The Complaint, which was mailed in the same envelope with this copy of Plaintiff's account certification, was then received by this Court on September 9, 2013. This suggests that Plaintiff's Complaint was submitted to prison officials for mailing on or around September 4, 2013, which is well beyond the expiration of the statute of limitations in January of 2013.[1] These claims were therefore filed outside of the statute of limitations.

Plaintiff has also failed to state a claim against Warden Donald Barrow. Plaintiff's only allegation against the Warden is that he denied Plaintiff's grievance in May of 2012. To state a claim against a supervisory official, however, a prisoner must allege that the supervisor "personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). The mere fact that a prison official denies a grievance or otherwise fails to investigate a prisoner's allegations is not enough to establish "personal involvement" in the alleged constitutional violation. *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007); *Pride v. Danberg*, No. 08–848–RK, 2009 WL 151535, *3 (D. Del. Jan.22, 2009). *See also, Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983) ("the failure to investigate an accident/incident, without more, does not violate any constitutional rights").

---

1 Even if the undersigned was to assume that Plaintiff's Complaint could have been placed in the hands of prison officials and held for as long as a month or two before the date shown on the account certification, it is still clear that the Complaint was not filed within two years of the events in question.

It is thus **RECOMMENDED** that Plaintiff's claims against Warden Donald Barrow be **DISMISSED** without prejudice.

Plaintiff may serve and file written objections to the undersigned's recommendations with the United States District Judge within fourteen (14) days after being served a copy of this Order.  *See* 28 U.S.C. § 636(b)(1).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be

required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is hereby **ORDERED** that the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue

until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 30th day of September, 2013.

/s/ Stephen Hyles
STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE