IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARK WEYMAN MATTHEWS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:13-cv-327-CAR-MSH |
| | : | |
| Nurse Practitioner LISA BUSH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON RECOMMENDATION

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 5] to dismiss Defendants Bush, Chutkin, and Barrow from the above-captioned case. Plaintiff Mark Weyman Matthews filed a timely Objection to the Recommendation. Having considered Plaintiff's objections and investigated these matters *de novo*, the Recommendation [Doc. 5] is hereby **ADOPTED IN PART** in light of Plaintiff's new factual allegations against Defendant Bush**.**  Each of Plaintiff's objections is addressed below.

I.     **Defendant Barrow**

In his Objection, Plaintiff reasserts his deliberate indifference claim against Defendant Barrow based on Barrow's denial of Plaintiff's grievance and failure to take appropriate action thereafter. The Magistrate Judge recommended that Plaintiff's claims against Barrow be dismissed without prejudice because Plaintiff failed to allege

that Barrow "personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation."[1]  The Court agrees.  As stated in the Order and Recommendation, the mere fact that a prison official denies a grievance or otherwise fails to investigate a prisoner's allegations is not enough to establish "personal involvement" in the alleged constitutional violation.[2]  Thus, Plaintiff's first objection is overruled.

II.    **Monetary damages against Defendants in their official capacities**

Plaintiff also contends the Magistrate Judge erred in concluding that he intended to pursue monetary damages against Defendants in their official capacities.  The Order and Recommendation states, "to the extent that Plaintiff has attempted to state claims for monetary damages against any individually named defendant in his 'official capacity,' it is **RECOMMENDED** that these claims be **DISMISSED**."[3]  Now, Plaintiff asserts that he only intended to state claims for monetary damages against Defendants in their individual capacities and claims for injunctive relief against Defendants in their official capacities.  Plaintiff did not make this distinction in his Complaint.  Regardless, the Order and Recommendation did not recommend dismissal of his intended claims.

---

[1] *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).

[2] *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007); *Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983) ("the failure to investigate an accident/incident, without more, does not violate any constitutional rights").

[3] [Doc. 5, p. 5]

Thus, Plaintiff's objection is moot.

**III.     Defendant Bush**

Next, Plaintiff objects to the dismissal of his claims against Defendant Bush as time-barred.  In the Order and Recommendation, the Magistrate Judge found that Plaintiff's claims accrued in January 2011, when Bush last treated Plaintiff during a follow-up evaluation.  In his Objection, Plaintiff alleges for the first time that he then sent "numerous medical requests" to medical staff, including Bush, "over a period of months" in 2011.

In *Newsome v. Chatham County Detention Center*, the Eleventh Circuit held that a district court must treat new factual allegations in an objection to a magistrate judge's recommendation as a motion to amend the complaint to include additional allegations.[4] If the underlying facts or circumstances relied on by the plaintiff may be a proper subject of relief, leave to amend "should be freely given."[5]  However, "a district court may properly deny leave to amend under Rule 15(a) is such amendment 'would be futile.'"[6]

The Court construes Plaintiff's Objection, in part, as a Motion to Amend the Complaint, and **GRANTS** his request.  Reading Plaintiff's allegations liberally, Bush's failure to respond to Plaintiff's repeated medical requests could constitute a continuing

---

[4] 256 Fed. Appx. 342, 344-45 (11th Cir. 2007).
[5] *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004); *see also* Fed. R. Civ. P. 15(a)(2).
[6] *Stringer v. Jackson*, 392 Fed. Appx. 759, 760 (11th Cir. 2010) (quoting *Hall*, 367 F.3d at 1262-63).

3

tort, which, in turn, would extend the statute of limitations in this case.[7] If Plaintiff wishes to pursue this argument, however, he must file an Amended Complaint containing the **specific** dates he sent medical requests to **Defendant Bush**. Plaintiff must file his Amended Complaint within **FOURTEEN (14) DAYS** after being served with a copy of this Order or his claims against Defendant Bush will be dismissed without prejudice.

## IV.    Defendant Chutkin

Plaintiff also objects to the dismissal of his claims against Defendant Chutkin as time-barred. Based on the Complaint, the Magistrate Judge found that Chutkin refused to provide Plaintiff with necessary surgery in December of 2010. However, Plaintiff did not file the instant action until September 4, 2013. Accordingly, the Magistrate Judge concluded that Plaintiff's claims against Chutkin were barred by the two year statute of limitations in Georgia.[8] Now, Plaintiff asserts that he filed grievances against Chutkin in February and March of 2012, extending the statute of limitations to 2014.

In light of these new allegations, the Court construes this portion of the Objection as a Motion to Amend the Complaint, but **DENIES** Plaintiff's request as futile. The Court acknowledges that a grievance, if properly filed, tolls the statute of limitations for a § 1983 claim while a prisoner exhausts his administrative remedies.[9] However,

---

[7] *Baker v. Sanford*, 484 F. App'x 291 (11th Cir. 2012).
[8] *See Owens v. Okure*, 488 U.S 235, 236 (1989); O.C.G.A. § 9-3-33 (1982).
[9] *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276 (11th Cir. 2001).

Plaintiff's grievances—filed more than one year after his diagnosis—were grossly belated. Plaintiff offers no explanation for his lengthy delay in pursuing his administrative remedies against Chutkin. Thus, it "appear[s] beyond a doubt" that Plaintiff "can prove no set of facts which would avoid a statute of limitations bar."[10] Therefore, Plaintiff's objection is overruled.

## V.     Statement of Fact

Finally, Plaintiff objects to the fact that the Magistrate Judge only references his diagnosis with spondylolisthesis but not spondylolysis. This is not relevant to the findings in the Order and Recommendation. Thus, this objection is moot.

## CONCLUSION

Based on the foregoing, the Order and Recommendation [Doc. 5] is **ADOPTED in part**. The findings and conclusions in the Order and Recommendation are hereby **INCORPORATED** and **MADE THE ORDER OF THE COURT** <u>with the exception of</u> the Magistrate Judge's recommendation to dismiss Defendant Bush without prejudice. Accordingly, Plaintiff's claims against Defendants Barrow and Chutkin are **DISMISSED without prejudice**. To the extent Plaintiff's Complaint alleges a claim for monetary damages against any individually-named Defendant in his official capacity, that claim is also **DISMISSED**.

Finally, Plaintiff's Objection [Doc. 8] is **CONSTRUED**, in part, as a Motion to

---

[10] *Id.* at 1280.

Amend the Complaint, which is **GRANTED in part** and **DENIED in part**.  If Plaintiff intends to pursue his claims against Defendant Bush, he must file an Amended Complaint as directed within **FOURTEEN (14) DAYS** after being served with a copy of this Order.  If Plaintiff fails to respond to this Order in a timely manner, the Court will dismiss Plaintiff's claims against Defendant Bush without prejudice.  There will be no service of process until further order from the Court.

    **SO ORDERED**, this 6th day of May, 2014.

                              S/ C. Ashley Royal
                              C. ASHLEY ROYAL, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT

BBP